IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DARYL A. WITMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | CIV-10-796-D |
| v. | ) | |
| | ) | |
| GRADY COUNTY JAIL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT  AND  RECOMMENDATION

Plaintiff, a state prisoner[1] appearing *pro se* and *in forma pauperis*, brings this civil

rights action pursuant to 42 U.S.C. §1983. In his Amended Complaint filed September 21,

2010, Plaintiff has alleged various constitutional deprivations stemming from his pretrial

confinement at the Grady County Jail.  Plaintiff has named as Defendants the Grady County

Board of Commissioners, the Grady County Jail, the Grady County Criminal Justice

Authority, the Grady County Industrial Authority, Grady County Commissioner Jack Porter,

Grady County Sheriff Art Kell, Grady County Jail Warden/Administrator Shane Wyatt, Dr.

Carl Laffoon, and Grady County Jail officials Bill Daugherty, Patrick James, "D.O." Martin,

"Deputy" Jacobs, "Sgt." Sullivan, "Officer" Carroll, and "D.O." Harwell. The matter has

been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28

---

[1]Plaintiff states that he is confined at the Oklahoma State Reformatory located in Granite,
Oklahoma.

1

U.S.C. §636(b)(1)(B).  Defendant Laffoon has moved to dismiss the cause of action against him pursuant to Fed. R. Civ. P. 12(b)(6) and 42 U.S.C. § 1997e(a). (Doc. # 37).  Defendants Grady County Jail, Grady County Board of County Commissioners, Grady County Criminal Justice Authority, Grady County Industrial Authority, Kell, Wyatt, Daugherty, Martin, Carroll, and Porter have also moved to dismiss the cause of action against them pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. # 43).  Plaintiff has responded to these motions. (Docs. # 52, 55).  Defendant Laffoon has replied to Plaintiff's Response. (Doc. # 54).  Thus, Defendants' dispositive motions are at issue.  For the following reasons, it is recommended that Defendants' motions be granted and that the cause of action be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

I. Standard of Review

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's . . . complaint alone is legally sufficient to state a claim for which relief may be granted." Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991).  To survive a Rule 12(b)(6) motion, the plaintiff must allege sufficient facts to make his or her "claim for relief . . . plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007).  While "[t]echnical fact pleading is not required . . . the complaint must still provide enough factual allegations for a court to infer potential victory." Bryson v. Gonzales, 534 F.3d 1282, 1286 (10th Cir. 2008).  If the allegations "are so general that they encompass a wide swath of conduct, much of it innocent,

then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible." <u>Robbins v. Oklahoma ex rel. Dep't of Human Servs.</u>, 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting <u>Twombly</u>, 550 U.S. at 570). Under this standard, the plaintiff's well-pleaded factual allegations are accepted as true and viewed in the light most favorable to the nonmoving party. <u>Alvarado v. KOB-TV, L.L.C.</u>, 493 F.3d 1210, 1215 (10th Cir. 2007). A *pro se* plaintiff's complaint must be broadly construed under this standard. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). However, the court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." <u>Whitney v. New Mexico</u>, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

Summonses were issued by the Court Clerk upon each of the Defendants named in the Amended Complaint. The summonses submitted by Plaintiff directed that service be accomplished upon each of the individual Defendants at the office of the Grady County Jail. Summons was returned unexecuted as to four Defendants, Defendants Sullivan, Harwell, Jacobs, and James, indicating that these Defendants were no longer employed at the jail. As to these Defendants, the screening procedure outlined in 28 U.S.C. §§ 1915A and 1915(e) has been followed in order to determine the sufficiency of the allegations in the Amended Complaint under the following standard.

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). The same screening of a civil

complaint filed *in forma pauperis* is required by 28 U.S.C. § 1915(e)(2). On review, the court must dismiss a complaint or any portion of it presenting claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." Perkins v. Kansas Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999). Although a pro se litigant's pleadings are liberally construed, Haines v. Kerner, 404 U.S. 519, 520 (1972), "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." Robbins, 519 F.3d at 1247-1248(quoting Twombly, supra).

II. Cause of Action Against Grady County Jail

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege he or she was deprived of a right "secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Amer. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). "'Jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction), so that the court's decision will bind them.'" Gadlin v. Sybron Int'l Corp., 222 F.3d 797, 799 (10th Cir. 2000)(quoting Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577 (1999)). Rule 17(b), Federal Rules of Civil Procedure, provides that a non-corporate entity's capacity to be sued is determined by the law of the state in which the district

4

court is located. In Oklahoma, each organized county can sue and be sued. Okla. Stat. tit. 19, § 1. The authority of each Oklahoma county is exercised by its board of county commissioners, Okla. Stat. tit. 19, § 3, and a lawsuit brought against a county must be filed against the board of county commissioners of the relevant county. Okla. Stat. tit. 19, § 4. A county jail in Oklahoma, as a subdivision of the county in which it is located, has no separate legal identity under Oklahoma law, and therefore Defendant Grady County Jail cannot be sued in this Court. See Aston v. Cunningham, No. 99-4156, 2000 WL 796086, *4 n. 3 (10th Cir. June 21, 2000)(unpublished op.)(affirming dismissal of county jail as defendant in prisoner's § 1983 action on basis that "a detention facility is not a person or legally created entity capable of being sued"); Ketchum v. Albuquerque Police Dep't, No. 93-2200, 1992 WL 51481 (10th Cir. Mar. 12, 1992)(unpublished op.)(affirming dismissal of county jail in § 1983 action on basis it had no separate legal identity apart from the municipality). Accordingly, Defendant Grady County Jail's Motion to Dismiss the cause of action against it should be granted pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

III. Municipal Liability under § 1983

Plaintiff has sued three local governmental entities, including the Grady County Board of County Commissioners, the Grady County Criminal Justice Authority, and the Grady County Industrial Authority. Plaintiff has also sued the individual Defendants in both their individual and official capacities. To the extent Plaintiff has named the individual Defendants in their official capacities, Plaintiff is attempting to assert a cause of action under 42 U.S.C.

§ 1983 against the governmental body employing these Defendants, in this case, Defendant Grady County Criminal Justice Authority ("GCCJA"). See Barney v. Pulsipher, 143 F.3d 1299, 1307 n. 4 (10th Cir. 1998).

Liability under 42 U.S.C. § 1983 cannot be based on the principle of *respondeat superior*. Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1948 (2009); Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978). In order for Plaintiff to state a claim under 42 U.S.C. § 1983 against the Defendants who are local governmental entities or against Defendants Kell, Wyatt, Daugherty, Laffoon, James, Martin, Jacobs, Harwell, Sullivan, Carroll, and Porter in their official capacities, Plaintiff must show that the local governmental entities' allegedly unconstitutional actions resulted from a policy or custom adopted or maintained with deliberate indifference to his constitutional rights. Id., 436 U.S. at 690, 690 n. 55. Under this standard, Plaintiff must identify a "policy" or "custom" that caused his injury. Board of County Com'rs of Bryan County v. Brown, 520 U.S. 397, 403 (1997). As the Supreme Court has clearly explained with respect to the § 1983 liability of municipalities or local governmental entities, "it is not enough for a §1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." Id. at 404 (emphasis in original).

The only policy identified by Plaintiff in his Amended Complaint is GCCJA's "policy

6

of having 1 one [sic] man on duty at the county jail which has been going on for so long it must be deemed a policy of G.C.C.J.A. and Grady Co. Jail." Amended Complaint, at 33. Plaintiff has alleged that this policy has resulted in a constitutional deprivation because Plaintiff was physically assaulted by another detainee. However, Plaintiff's allegations clearly show that he was an active participant in the alleged physical altercation that occurred in July 2008 at the jail. Indeed, Plaintiff's allegations show he initiated the altercation with another detainee. Thus, even assuming that GCCJA has a policy of having one officer on duty at the jail, Plaintiff has not shown that the policy was the moving force behind his alleged injuries. Accordingly, Plaintiff has failed to state a claim under 42 U.S.C. §1983 against GCCJA, the Grady County Board of County Commissioners, the Grady County Industrial Authority, or against Defendants Kell, Wyatt, Daugherty, Laffoon, James, Martin, Jacobs, Harwell, Sullivan, Carroll, or Porter in their official capacities. His cause of action against GCCJA, the Grady County Board of County Commissioners, the Grady County Industrial Authority, and the individual Defendants in their official capacities should, therefore, be dismissed under Fed. R. Civ. P. 12(b)(6), 28 U.S.C. § 1915A(b), and 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

IV. Personal Participation

Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 129 S.Ct. at 1948. See Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997)("Individual liability under § 1983 must be based on personal

involvement in the alleged constitutional violation."); Woodward v. City of Worland, 977 F.2d 1392, 1399 (10th Cir. 1992)( "The Supreme Court has made it clear that liability under § 1983 must be predicated upon a *deliberate* deprivation of constitutional rights by the defendant.")(quotations omitted).  "[W]hen a plaintiff sues an official under . . . § 1983 for conduct arising from his or her superintendent responsibilities, the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well." Dodds v. Richardson, 614 F.3d 1185, 1198 (10th Cir. 2010)(quotations omitted). Thus, "[t]o establish a violation of § 1983 by a supervisor, as with everyone else then, the plaintiff must establish a deliberate, intentional act on the part of the defendant to violate the plaintiff's legal rights." Porro v. Barnes, 624 F.3d 1322, 1327-1328 (10th Cir. 2010)(quotations and brackets omitted).

The individual Defendants Kell, Wyatt, Daugherty, Martin, Carroll, Porter, and Laffoon have moved to dismiss the cause of action against them on the basis of Plaintiff's failure to allege the requisite personal participation.  In count one, Plaintiff has named only one Defendant, Defendant Harwell.  In counts two and six, Plaintiff has named only Defendant Laffoon as a Defendant.  In count three, Plaintiff has named only Defendant Daugherty as a Defendant.  In count four, Plaintiff has not identified any Defendant as a participant in the allegations made in that claim.  In count five, Plaintiff names only Defendants Martin, Sullivan, Jacobs, Wyatt, Daugherty, James, Harwell, and Carroll. In count seven, Plaintiff names only Defendant Kell.  Each of Plaintiff's claims against the individual Defendants, which are addressed below, must be considered within the context of

the foregoing standard.

V. <u>Failure to Protect</u>

In count one of the Amended Complaint, Plaintiff asserts that "Defendants failed to protect Plaintiff from being abused and assaulted and battered by other inmates in violation of the 5th, 8th, and 14th Amendments of the United States Constitution." Complaint, at 11. "[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." <u>Farmer v. Brennan</u>, 511 U.S. 825, 833 (1994)(quotation omitted). "A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment." <u>Id.</u> at 828. "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" <u>Id.</u> at 834 (quoting <u>Wilson v. Seiter</u>, 501 U.S. 294, 298 (1991)). "For a claim ... based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." <u>Id.</u> Secondly, the prison official must have a "sufficiently culpable state of mind." <u>Wilson</u>, 501 U.S. at 297. "In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety." <u>Farmer</u> 511 U.S. at 834. A plaintiff asserting a claim of deliberate indifference to his safety "must present evidence supporting an inference that [the individual defendants] actually knew about a substantial risk of serious harm to his safety." <u>Verdecia v. Adams</u>, 327 F.3d 1171, 1175 (10th Cir. 2003).

In his Amended Complaint, Plaintiff describes two physical altercations with another detainee on the same date in July 2008. In the first altercation, Plaintiff alleges that he and another detainee, "C. Wilson," got into an argument about a gambling debt, and Mr. Wilson

swung an empty cup at Plaintiff, hitting Plaintiff in the ribs. Plaintiff alleges he then "put [Mr. Wilson] in a frontal headlock," and Mr. Wilson pushed Plaintiff into a metal bed. According to Plaintiff, "Plaintiff then picked Snake's feet up off the ground feeling a 'pop' inside his stomach." Complaint, at 12. Plaintiff alleges he informed Defendant Harwell about this incident. Plaintiff alleges he subsequently initiated a second altercation with Mr. Wilson by throwing coffee in Mr. Wilson's face and "striking him about his head and body . . . ." Amended Complaint, at 15. Plaintiff alleges Defendant Harwell was the only jail official on duty and could not "enter to dispel the fight, prevent injury or to maintain security and order." Amended Complaint, at 16.

Plaintiff has not alleged in count one that any Defendant other than Defendant Harwell directly participated in the alleged incident that forms the basis for this claim. Therefore, Plaintiff has failed to allege the requisite personal participation by Defendants Laffoon, Kell, Wyatt, Daugherty, Martin, Carroll, and Porter with respect to his claim in count one. The Motions to Dismiss (Docs. # 37, 43) count one as to Defendants Laffoon, Kell, Wyatt, Daugherty, Martin, Carroll, and Porter should be granted as to Plaintiff's claim against them in count one of deliberate indifference to a serious risk of harm to Plaintiff by other detainees.

Although Plaintiff attempts to paint himself as merely acting in self-defense, Plaintiff's culpability is clear from his allegations and his own administrative grievance concerning the altercations, which Plaintiff attached as an exhibit to the Amended Complaint. Plaintiff's allegations in his Amended Complaint do not create any inference that Defendant

Harwell knew of and disregarded an excessive risk to Plaintiff's health or safety. Therefore, Plaintiff has failed to state a claim in count one of deliberate indifference by Defendant Harwell to a substantial risk of serious harm to Plaintiff, and Plaintiff's claim in count one against Defendant Harwell should be dismissed pursuant to 28 U.S.C. §§ 1915A(a) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

VI. Medical Care

In count two of the Amended Complaint, Plaintiff alleges that "Defendants failed to provide adequate medical care to Plaintiff and because of this denial, Plaintiff suffered and is still suffering from a crippling injury in violation of his 8th Amendment right of the U.S. Constitution." Amended Complaint, at 19. As support for this claim, Plaintiff alleges in count two that he had a "prior back injury" that was aggravated on July 27, 2008, during his physical altercation with another detainee. Amended Complaint, at 19. Plaintiff alleges that on July 27, 2008, he was taken to the Grady County Memorial Hospital where he was treated, prescribed two medications, and advised he should be evaluated by a "neuro/ortho specialist." Amended Complaint, at 8, 28. Plaintiff alleges he complained to "medical personel [sic]" of "pain in his back all the way down into his legs." Amended Complaint, at 19. Plaintiff alleges that "Defendant Dr. Carl Laffoon usually advised Plaintiff the pain came from other sources" and did not "immediately" undertake x-ray or MRI testing. Amended Complaint, at 20. Plaintiff further alleges "Defendants . . . failed to provide any corrective treatment which has resulted in Plaintiff being crippled."

In count six of the Amended Complaint, Plaintiff asserts that Defendant Dr. Laffoon

refused to dispense to Plaintiff the two medications prescribed at the hospital "citing Grady Co. Jail policy, " but Plaintiff admits that he was dispensed other medication by Dr. Laffoon. Plaintiff alleges he was "never seen by an ortho/neuro specialist for consultation," although "after many months" an MRI was conducted. Amended Complaint, at 28-29. Plaintiff alleges the MRI revealed his "implant from prior surgery" was out of alignment in Plaintiff's spine. Amended Complaint, at 28-29. Plaintiff alleges that "a nurse" dispensed a medication, which Plaintiff does not identify, to him after he complained of pain-causing cramps.

Plaintiff has not alleged in counts two and six that any Defendant other than Defendant Laffoon directly participated in providing him medical treatment for his alleged back injury. Therefore, because Plaintiff has failed to allege the requisite personal participation by any other Defendant with respect to his claim in counts two and six, Defendants Kell, Wyatt, Daugherty, Martin, Carroll, and Porter's Motion to Dismiss (Doc. # 43) should be granted as to Plaintiff's claims against them in counts two and six of deliberate indifference to Plaintiff's medical needs. For the same reason, Plaintiff's claims in counts two and six against Defendants Sullivan, Jacobs, Harwell, and James should be dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted as to these Defendants.

Defendant Laffoon first moves to dismiss Plaintiff's cause of action against him on the basis of Plaintiff's failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a). However, Defendant Laffoon has not provided any evidence concerning the

grievance procedures employed at Grady County Jail. Without such evidence, the Court cannot determine whether administrative remedies were available to Plaintiff and, if so, what procedures were required to exhaust administrative remedies concerning Plaintiff's medical issues. Thus, Defendant Laffoon's Motion to Dismiss the cause of action against him on this basis should be denied.

Defendant Laffoon also moves to dismiss Plaintiff's cause of action against him on the ground that, as a private individual providing medical services under contract with the Grady County Jail, he was not acting under color of state law. However, this argument is foreclosed by West v. Atkins, 487 U.S. 42 (1988)(physician under contract with state to provide medical services to inmates acted under color of state law, within meaning of 42 U.S.C. § 1983, when he treated inmate).

Defendant Laffoon moves to dismiss Plaintiff's claims in counts two and six on the basis that Plaintiff has failed to state a claim of a constitutional deprivation against this Defendant. Plaintiff's claims in counts two and six that Defendant Laffoon violated his rights under the Eighth Amendment of the Constitution are governed by the Supreme Court's decision in Farmer v. Brennan, 511 U.S. 825 (1994).[2] In Farmer, the court held that a "prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." Id. at 828. This standard is violated if the "official knows

---

[2]Plaintiff does not allege whether he was in custody at the Grady County Jail as a pretrial detainee or as a convicted inmate. Nevertheless, the governing standard remains the same for both types of custody.

of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he [or she] must also draw the inference." Self v. Crum, 439 F.3d 1227, 1231 (10th Cir.)(quoting Farmer, 511 U.S. at 837), cert. denied, 549 U.S. 856 (2006). A plaintiff claiming that prison officials have been deliberately indifferent to the prisoner's medical needs must prove two elements. The prisoner must show that, objectively, the inmate's medical needs were "sufficiently serious," and, subjectively, the prison official acted with a "sufficiently culpable state of mind" such that the official knew of and disregarded an excessive risk to inmate health or safety Id. at 1230-1231; see also Mata, 427 F.3d at 751.

A medical need is sufficiently serious if it "has been diagnosed by a physician as mandating treatment or ... is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Sealock v. Colorado, 218 F.3d 1205, 1209 (10th Cir. 2000)(internal quotation omitted). An inmate who alleges that mistakes in diagnoses or delayed medical treatment violated the inmate's Eighth Amendment rights must show

> (1) a medical professional recognizes an inability to treat the patient due to the seriousness of the condition and his corresponding lack of expertise but nevertheless declines or unnecessarily delays referral, *e.g.*, a family doctor knows that the patient needs delicate hand surgery requiring a specialist but instead of issuing the referral performs the operation himself; (2) a medical professional fails to treat a medical condition so obvious that even a layman would recognize the condition, *e.g.*, a gangrenous hand or a serious laceration; [or] (3) a medical professional completely denies care although presented with recognizable symptoms which potentially create a medical emergency, *e.g.*, a patient complains of chest pains and the prison official, knowing that medical protocol requires referral

or minimal diagnostic testing to confirm the symptoms, sends
the inmate back to his cell."

Self, 439 F.3d at 1232 (citations omitted).

In this case, Plaintiff has admitted that he was treated immediately after the alleged back injury at a hospital, that after he returned to the Grady County Jail he was treated by Dr. Laffoon, who prescribed medications, and by a nurse, and that MRI testing conducted "after many months" of continuing pain complaints showed that hardware previously inserted in his back for his pre-existing back injury was out of alignment. Amended Complaint, at 29.

In light of Plaintiff's admissions, Plaintiff has failed to state a claim of deliberate indifference to his serious medical needs. At most, Plaintiff has alleged only a difference of opinion that is not sufficient to support a claim of an Eighth Amendment deprivation. See Perkins v. Kansas Dep't of Corrections, 165 F.3d 803, 811 (10th Cir. 1999)("a prisoner who merely disagrees with a diagnosis or a prescribed course of treatment does not state a constitutional violation"); Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)("a mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment"), cert. denied, 450 U.S. 1041 (1981). Therefore, Defendant Laffoon's Motion to Dismiss (Doc. # 37) Plaintiff's claims in counts two and six for failure to state a § 1983 claim for relief should be granted.

VII. Access to Courts

In count three of the Amended Complaint, Plaintiff asserts that "Defendants failed to

15

provide access to legal materials, access to rules and procedures or policies, and intentionally deprived Plaintiff of his right to redress his grievances in a court of law in violation of the 1st Amendment of the U.S. Constitution." Amended Complaint, at 21. In support of this claim, Plaintiff alleges that during his detention at the Grady County Jail he "requested legal material to petition the courts for assistance and was denied by Defendant Lt. Bill Daugherty and other detention officers . . . . " Amended Complaint, at 21. Plaintiff further alleges that his request for "policy and regulation manuels [sic]" was denied.

Both convicted inmates and pretrial detainees have a constitutional right to adequate, effective, and meaningful access to the courts. Love v. Summit County, 776 F.2d 908, 912 (10th Cir. 1985). See Bounds v. Smith, 430 U.S. 817, 828 (1977)(recognizing constitutional right of access to the courts requiring prison officials to assist inmate in preparing and filing meaningful legal papers). The right of access to the courts is not, however, "an abstract, freestanding right to a law library or legal assistance." Lewis v. Casey, 518 U.S. 343, 351 (1996). In order to demonstrate a denial of the right of access to the courts, the prisoner must demonstrate that the denial of the right of access "hindered his efforts to pursue a legal claim." Id.

Plaintiff alleges in count three that his request for "legal materials" was denied in connection with the claims he asserts in counts one and two of the Amended Complaint. However, taking judicial notice of the Court's own records, Plaintiff filed a complaint in this Court pursuant to 42 U.S.C. § 1983 against some of the same Defendants on October 16, 2008, while he was still being detained at the Grady County Jail. In this action, Plaintiff

alleged some of the same claims he asserts herein, including the claims of failure to protect him from assault, denial of access to courts, and deliberate indifference to his medical needs. After a special report was filed by Defendants and many of Plaintiff's claims were dismissed, Plaintiff sought and was granted a voluntary dismissal without prejudice of this previous action, Witmer v. Wyatt, Case No. CIV-08-1106-D.

Because Plaintiff has not shown that the denial of legal resources actually hindered his efforts to pursue his legal claims, Plaintiff has failed to state a claim of a constitutional deprivation of his right of access to the courts. Therefore, Defendants' Motions to Dismiss (Docs. # 37, 43) Plaintiff's claim against them in count three of the Amended Complaint for failure to state a § 1983 claim for relief should be granted. For the same reasons, Plaintiff's claim in count three against Defendants Sullivan, Jacobs, Harwell, and James should be dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted as to these Defendants.

VIII. Jail Conditions

In count four of the Amended Complaint, Plaintiff asserts that "Defendants run a jail that is unfit to house prisoners," and Plaintiff then sets forth various allegations of inadequate conditions at the Grady County Jail, including dirty drinking water, black/green mold in the shower areas, and the presence of asbestos in the air and "falling to the floor" from wrapped pipes.

State pretrial detainees are protected under the Due Process Clause of the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979); Lopez v. LeMaster, 172

F.3d 756, 759 n.2 (10th Cir. 1999). The due process protections accorded detainees are "at least as great as the Eighth Amendment protections available to a convicted prisoner." City of Revere v. Mass. General Hospital, 463 U.S. 239, 244 (1983). "Although the Due Process clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, the Eighth Amendment standard provides the benchmark for such claims." Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998)(citation omitted).

The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement, including adequate shelter. Farmer, 511 U.S. at 832. See Ramos, 639 F.2d at 568 (states must provide their inmates with "reasonably adequate ventilation, sanitation, bedding, hygiene materials, and utilities (*i.e.*, hot and cold water, light, heat, and plumbing)"). The Supreme Court's opinion in Farmer provides the framework for evaluating Plaintiff's claims.

To prevail on a claim under the Eighth Amendment, an inmate must show he was "incarcerated under conditions posing a substantial risk of serious harm" and that the prison or jail officials were deliberately indifferent to the inmate's health or safety. Farmer, 511 U.S. at 834, 837. "'[D]eliberate indifference' is a stringent standard of fault." Bd. of County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 410 (1997). Prison or jail officials cannot be found liable under this standard unless they subjectively knew of and disregarded an excessive risk to the inmate's health or safety. Farmer, 511 U.S. at 837.

With respect to the requirement of excessive risk to health or safety, Plaintiff only vaguely alleges that the presence of mold in the shower areas of the jail is a partial cause for

the "red bumps or rashes" that appear on some "prisoners" and that he has seen insects in the drinking water provided to prisoners in "coolers in each cell area." Amended Complaint, at 23. Plaintiff admits that prisoners in the jail are provided toilet brushes and mops in order to clean their living areas, and he does not allege that he suffered any adverse effects as a result of the conditions at the jail. Plaintiff's allegations are not sufficient to state a claim of a constitutional deprivation as he has not demonstrated that conditions at the jail have resulted in an excessive risk to his health or safety. Therefore, Defendants' Motions to Dismiss (Docs. # 37, 43) Plaintiff's claim in count four for failure to state a § 1983 claim for relief should be granted. For the same reasons, Plaintiff's claim in count four against Defendants Sullivan, Jacobs, Harwell, and James should be dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted as to these Defendants.

IX. Conspiracy

In count five of the Amended Complaint, Plaintiff alleges that "some of the named Defendants conspired together or used their authority under color of law to do harm to Plaintiff by delaying, destroying or deliberately denying access to legal forms/evidence or manufacturing evidence against him, not disclosing all evidence found during investigations . . . in violation of his 1st, 5th, 8th, and 14th amendment rights of the U.S. Constitution." In support of this claim, Plaintiff alleges that Defendants Martin, Sullivan, and Jacobs prepared a false affidavit stating "that a letter sent out by the Plaintiff from the Grady County Jail came back un-opened containing a substance that tested positive for methamphetamine...."

Plaintiff has included other allegations in count five of isolated instances of alleged misconduct by various jail officials.

In order to state a claim of a conspiracy under 42 U.S.C. § 1983, a plaintiff "must allege specific facts showing an agreement and concerted action amongst the defendants." Tonkovich v. Kansas Bd. of Regents, 159 F.3d 504, 533 (10th Cir. 1998). See also Cardoso v. Calbone, 490 F.3d 1194, 1199 (10th Cir. 2007)(quoting Tonkovich, 159 F.3d at 533). "Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." Hunt v. Bennett, 17 F.3d 1263, 1266 (10th Cir. 1994).

Plaintiff has set forth only conclusory allegations of a conspiracy in his Amended Complaint. Therefore, Defendants' Motions to Dismiss (Docs. # 37, 43) should be granted as to Plaintiff's conspiracy claim in count five, and the cause of action dismissed as to Defendants Laffoon, Kell, Wyatt, Daugherty, Martin, Carroll, and Porter. For the same reasons, the claim of conspiracy in count five of the Amended Complaint against Defendants Sullivan, Jacobs, Harwell, and James should be dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

X. Count Seven - Defendant Kell

In count seven of the Amended Complaint, Plaintiff alleges that there was no "policy and procedure, therefore no due process" concerning "the injuries he suffered nor for maltreatment of prisoners in their custody or the un-healthy and unsanitary conditions" at the jail. He names the Board of County Commissioners of Grady County, the GCCJA, and the Grady County Industrial Authority as Defendants in this claim. Plaintiff further asserts that

Defendant Kell, in his capacity as the Sheriff of Grady County, "should be aware of the Oklahoma legislative mandates to running a county jail [and] should have informed both the GCCJA and the [Grady County Industrial Authority] of the irregularities at the Grady Co. Jail. Thus, Plaintiff's 1st, 5th, 8th, and 14th Amendment rights of the U.S. Constitution were violated."

Plaintiff's allegations in count seven are vague and conclusory and do not set forth sufficient facts to ascertain the constitutional basis for the claim. Nevertheless, generously construing the allegations in count seven, Plaintiff appears to assert that Defendants who are responsible for the operation of the Grady County Jail had no procedure in place for detainees or prisoners to air their grievances. To the contrary, however, Plaintiff's pleadings reflect that he had access to and used the jail's grievance procedure on multiple occasions in order to present his complaints to jail officials. See Complaint, att.; Amended Complaint, atts. These evidentiary documents reflect that Plaintiff's request to staff and grievance forms were considered and answered by jail officials. Moreover, there is no constitutionally-guaranteed right to a grievance procedure. Therefore, Defendants' Motions to Dismiss (Docs. # 37, 43) should be granted as to Plaintiff's claim in count seven, and the cause of action dismissed as to Defendants Laffoon, Kell, Wyatt, Daugherty, Martin, Carroll, and Porter for failure to state a claim upon which relief may be granted. For the same reasons, the claim in count seven of the Amended Complaint against Defendants Sullivan, Jacobs, Harwell, and James should be dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Motion to Dismiss by Defendant Laffoon (Doc. # 37) be GRANTED and that Plaintiff's cause of action against Defendant Laffoon be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted and that the Motion to Dismiss by Defendants Grady County Jail, Grady County Board of County Commissioners, Grady County Criminal Justice Authority Grady County Industrial Authority, Kell, Wyatt, Daugherty, Martin, Carroll, and Porter (Doc. #43) be GRANTED and that Plaintiff's cause of action against these Defendants be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Further, it is recommended that Plaintiff's cause of action against Defendants Sullivan, Jacobs, Harwell, and James be dismissed pursuant to 28 U.S.C. §§1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by __April 27th__, 2011, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed

herein is denied.

ENTERED this __7th__ day of ___April___, 2011.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE