IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARYL A. WITMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Case No. CIV-10-796-D |
| | ) |
| GRADY COUNTY JAIL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 60], issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1). Judge Purcell recommends the dismissal of Plaintiff's action under 42 U.S.C. § 1983 because the Amended Complaint fails to state a claim upon which relief can be granted. Plaintiff has filed a timely written objection. Thus the Court must make a *de novo* determination of portions of the Report to which a specific objection is made, and may accept, modify, or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, seeks damages based on numerous § 1983 claims concerning his pretrial confinement in the Grady County jail. These include: 1) failure to protect him from inmate violence; 2) denial of medical care; 3) denial of access to the courts; 4) unconstitutional housing conditions; 5) conspiracy to violate various civil rights; 6) denial of prescribed medication; and 7) denial of due process. After conducting a thorough 23-page analysis of Plaintiff's allegations, Judge Purcell concludes that Plaintiff fails to state a plausible claim upon which relief can be granted under § 1983. In his Objection, Plaintiff challenges Judge Purcell's conclusions regarding each claim. After an independent review of the Amended

Complaint and assessment of Plaintiff's allegations under governing law, the Court fully concurs in Judge Purcell's findings and recommendation.

Regarding the alleged failure to protect Plaintiff from violence, Plaintiff complains of two occasions on a single day when he and another inmate had physical altercations. To establish a constitutional violation, he must show conditions that, viewed objectively, pose a substantial risk of serious harm and, viewed subjectively, constitute deliberate indifference to inmate safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "The subjective component of the deliberate indifference test requires that, before liability can be imposed, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Verdecia v. Adams,* 327 F.3d 1171, 1175 (10th Cir. 2003) (internal quotation omitted). The facts alleged by Plaintiff regarding his dispute with another inmate on July 27, 2008, are insufficient to satisfy these standards.

Regarding denial of medical care and prescribed medication, Plaintiff similarly fails to allege facts that would constitute a constitutional violation. He complains that he received medical treatment at a hospital, but the treating physician's recommendation that he be examined by a specialist was not followed and diagnostic testing was delayed. Also, the medication prescribed at the hospital allegedly was not administered, and instead, the jail's physician ordered a different medication that did not alleviate Plaintiff's pain. The same "deliberate indifference" standard that governs his inmate safety claim also applies to his medical care claim. *See Self v. Crum*, 439 F.3d 1227, 1230-31 (10th Cir. 2006). Plaintiff's factual allegations provide an insufficient basis to conclude that a jail official was deliberately indifferent to a serious medical need.

Regarding denial of access to the courts, Plaintiff complains that the jail did not provide legal materials that he needed to pursue his § 1983 claims. However, Judge Purcell properly took notice

of court records showing that Plaintiff previously filed a civil action concerning his claims, which he voluntarily dismissed without prejudice.[1] *See Witmer v. Wyatt*, Case No. CIV-08-1106-D, Order of Dismissal (W.D. Okla. Sept. 9, 2009). Plaintiff fails to allege facts that would show that "any denial or delay of access to the court prejudiced him in pursuing litigation." *See Trujillo v. Williams*, 465 F.3d 1210, 1226 (10th Cir. 2006).

Regarding unconstitutional housing conditions, Plaintiff presents a litany of complaints of alleged unsanitary or unhealthy conditions at the Grady County jail. The Court concurs in Judge Purcell's finding that Plaintiff fails to describe inhumane conditions that might violate Eighth Amendment standards. The Court also notes no allegation that Plaintiff suffered a physical injury that might satisfy the requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e). *See Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 807 (10th Cir. 1999).

Regarding the remainder of Plaintiff's claims, the Court adopts Judge Purcell's careful analysis. Plaintiff's vague allegations of conspiracy and lack of due process from an inadequate grievance system provide no basis to find a plausible § 1983 claim.

IT IS THEREFORE ORDERED the Report and Recommendation [Doc. No. 60] is ADOPTED in its entirety and the recommended rulings are issued as follows:

- Defendant Dr. Carl Laffoon's Motion to Dismiss [Doc. No. 37] is GRANTED;
- Defendants Grady County Jail, Grady County Board of Commissioners, Grady County Criminal Justice Authority, Grady County Industrial Authority, Art Kell, Shane Wyatt, Bill Daughtery, Officer Martin, Officer Carroll, and Jack Porter's Motion to Dismiss [Doc. No. 43] is GRANTED; and

---

[1] Facts subject to judicial notice, such as the court's own files and records, may be considered in judging the sufficiency of a complaint. *See Tal v. Hogan*, 453 F.3d 1244, 1265 n. 24 (10th Cir. 2006).

- The action against Defendants Patrick James, Deputy Jacobs, Officer Harwell, and Sgt. Sullivan is DISMISSED pursuant to 28 U.S.C. §§ 1915e(2)(B) and 1915A(b).
- Judgment shall be entered accordingly.

IT IS SO ORDERED this 30th day of September, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE